My name is Aaron Renfroe, counsel for the appellants in this action. I intend to focus my arguments today on the issue of statutory damages under section 504c1 of the Copyright Act. With the court's permission, I would like to reserve about three minutes of time. Any interpretation of 504c1 should do five things. First and foremost, it should be consistent with the plain language of the statute. Second, it should be consistent with the legislative history as a whole. Third, it should properly apply principles of joint and several liability and not conflate them with secondary liability. Fourth, it should be workable. It should lead to practical and common sense results. Congress did not intend windfalls for copyright owners. It did not intend limitless liability, and it certainly didn't intend other absurd results. Fifth, the statute- Is that concept, joint and several liability, applied differently than in a standard civil litigation? No. In my opinion, there is case law out there that suggests that in a downstream distribution scenario that joint and several liability exists. I will say that when it comes to profits, which is a different remedy. Of course, a copyright owner has the option of choosing actual damages and profits or statutory damages. In the context of profits, an infringer's profits are individually liable to that infringer. With respect to actual damages, it is jointly and severally liable. The Frank Musick case from the early 1990s discusses that. Counsel, your view is that the Columbia Pictures case, even though there's a footnote discussing joint and several liability, that joint and several liability was not involved in that case at all. Right. The Ninth Circuit in that case did not have the opportunity to even address joint and several liability in that case because there was no evidence in the record that Mr. Feltner, who was the owner of the television stations, was jointly and severally liable. Also, in the Columbia Pictures case, that was not a downstream distribution case. Mr. Feltner was simply the owner of three separate television stations. Columbia had distributed the episodes itself? Yes. And the case dealt with vicarious liability, which is different in your view? Yes. Yes. So the fifth point was that the statute should be interpreted the same way every time, no matter if there are five downstream infringements or 5,000 downstream infringements. But what about the difference between the willful and the innocent infringers who may be part of the downstream? Yes. That can all be encompassed within the statutory limits that Congress has set. So a jury can decide whether or not, within the range of zero to $150,000, where it would assess each individual. Right. But the statute expressly provides for different ranges of statutory damages for willful versus innocent infringers. So any analysis of joint and several liability within the copyright code and common law that's developed has to take account for that distinction. Yes. That wasn't one you mentioned, but... Right. Yes. If there is absolutely willfulness and innocence are certainly part of the equation. Okay. So in your view, how should the district court have accounted for the statutory damages in this case? Well, I think the best way to answer that is by going to the five points that I addressed. Well, I think those are rather general points. But, okay, you want to start with the plain language of the statute? Well, maybe I can give you an example. Sure. I'll start with the plain language. Or, Betty, since your question is more about the conclusion, let me just start with the conclusion. My question is, applying all these principles you just stated, and you're claiming the I'm asking you what you think the district court should have done and what's the logical rationale behind that. Okay. The district court should have awarded a single award of $150,000 if the district court found... Jointly and severally shared by MANA, Top Fashion, ABM, Pride and Joy, Maine, Burlington. Well, okay. So I think that is probably wrong, because at least just for starters on the you have to because the statute expressly distinguishes between willful and innocent, you do have to put those people in a different category. It's clear, at least to me, that Congress did not intend that a willful, deliberate infringer such as MANA would share a $150 statutory damage award with an innocent Well... I mean, it would say, oh, we're saying that if you're a willful infringer, you can be liable for $150,000. But if some innocent person down the line started to sell your intentionally infringing material, you get the windfall of having them be jointly and severally liable with you. So that dilutes the award that Congress intended a willful infringer to have. What joint and several liability does is it maximizes the plaintiff's opportunity to Oh, so your client could just declare bankruptcy and 618 Maine would have to pay $150,000? Yes. And you think that's what Congress intended? Absolutely. That's what they intended. That's what joint and several liability involves, just generally speaking, that if a particular defendant or infringer cannot pay, then the plaintiff will still have the opportunity to collect that award from someone else. Let me ask you another question. So NMR says that each infringer is jointly and severably liable for the same act of infringement. Did 618 Maine commit the same act of infringement as MANA? So we need to look at the principles of joint and several liability here. Joint and several liability does not simply, joint and several liability and secondary liability are different things. And that is where the district court erred here. Joint and several liability looks at when there are multiple infringers involved in the case, whether or not they are contributing to the same harm. Okay? Secondary liability looks at something else. There is no requirement. But I think joint and several liability in the copyright law, as it has developed in the common law that was incorporated into the 1976 Act, has a different meaning than the broader meaning, in my view. And it's expressed in NMR. I don't know exactly where. But it's clear, it's narrowed to co-infringers doing the same act of infringement. Here you have various people doing separate acts of infringement, don't you? No, these infringements are one and the same. They all stem from MANA. They all trace back to MANA. Just because some downstream person is innocently distributing something does that, that doesn't mean they knew they were deliberately copying a fabric design and making copies and then distributing to, I'd say the retailers here except one, actually were willful infringers too. They willfully participated in that infringement because they knew they were making garments from material that infringed the copyright owner's design. They knew that. And so they were willful infringers and they knew they were selling that. And so those people would be jointly severally liable. But you can't extend that to the innocent people who are now purchasing the garments for resale. Your Honor, the only way to make 504c1 workable is by reading the plain language as it states, which is you get separate awards in a single case in two circumstances. Number one, if there are separately individually liable infringers. Number two, if there is no joint and several liability between any group of infringers. Now let me give you an example to illustrate this. If in this case plaintiff had added a company X to this lawsuit and company X separate and apart from MANA had purchased, had sampled fabric from Desire. And instead of purchasing that fabric from Desire, company X purchased it from an unauthorized source. And then company X sold that fabric downstream to manufacturers and the manufacturers resold to retailers. In that case, you would have two separate streams of infringement, two totally entire different streams of infringement. There would be no joint and several liability between MANA, company X, or any of their downstream infringers. In that case, those are separate, unrelated, independent infringements. And then you would have separate awards. But in this case, what's different is that you just have MANA, who initiated the infringement, they sold fabric. That exact same fabric was incorporated into garments. And then those garments were sold to retailers and then those retailers sold downstream. It's a single course of infringement. So what if, doesn't this incentivize, though, the plaintiffs to sue MANA in one action and then sue the retailers separately in another action and then sue the innocent infringers separately in other actions so that they could elect statutory damages in each of those actions of some set forth in the statute? An interpretation that says that complete and joint and several liability between all infringers, meaning that all infringers have to have a direct relationship with each other, that incentivizes plaintiffs to file lawsuits all across the board, which plaintiffs have actually done in this case. Well, you're skipping over. It has to be the same act of infringement, and you can infringe a copyright in many different ways. You can infringe it by making copies, which MANA did, and MANA also then distributed copies. And then the retailers also made copies. I mean, the manufacturers also made copies because they made garments and copied those garments. But the retailers only distributed. They were not involved in the same acts of copying, which is a separate, independent infringement. The legislative history actually speaks about that directly. And I wish I had the opportunity at the time to go through the entire legislative history with you because it's absolutely clear on these points. Was it in your brief? Oh, yeah. Yes. Okay. Well, then I obviously didn't think it was as clear as you suggested. Well, the legislative history is absolutely on point on every respect. In fact, it starts, the legislative history says, it provides that a court cannot make an award outside the statutory damage range if the copyright owner has chosen recovery under 504C. So it cannot make it outside unless there are separate works, okay, not involved here, or separately liable infringers involved in the lawsuit. That's what we have. Separately liable infringers. Yes. No, we have a group of jointly and separately liable infringers. Characterizing it as, but they're separately liable for different acts of infringement. No, no, no. Let me repeat. Then let me go through the rest of the legislative history. You don't really need to. I've got it. No, this is very important. You don't need to read all of the legislative history. Well, it's directly to the point you're saying. Okay. But you're running out of time, so I would think you'd want to make other arguments. Although the minimum and maximum amount are to be multiplied where works are involved in the suit, the same is not true with respect to multiple copyrights, multiple owners, multiple exclusive rights, or multiple infringements. What that means is that when you're talking about separate infringements, we're not talking about different exclusive rights. Like, for example, one party infringed the right to public display, and one did the right to reproduce. All of that is taken into account in the legislative history. The legislative history is only about two pages. If you read it and you incorporate it with the plain language of the statute and then you apply it to all the different ways, there is only one way to interpret this statute, and that is that complete and joint and several liability is simply not required by the statute. Not only me. I appreciate that you're getting to the end, but you actually, I think a while ago, said that you wanted to talk about the specific language of the statute. In fact, a lot of the precedent that you rely upon, which is consistent with your position, goes through the language, the specific language, in particular the use of any to indicate an intention that only one remedy should be available. So can you just tell me briefly what your analysis is of the language of the statute? Our analysis is precisely what the other federal judges in those cases, McClatchy, Agency France, a whole list of federal judges have decided, which is that essentially says there's an equation you can come up with from the plain language. If there is any joint and several liability, one award. If there is no joint and several liability between a group of infringers, then you have separate awards. That goes directly back to my example as if there had been a separate infringer in this case, like a company X, who had independently and separately infringed upon the design. But that arises out of what language? In particular, I guess, maybe to answer the question, the use of the word any. Yeah. So the statute itself says it provides one award where any, so any, not all, any two or more infringers are liable jointly and severally. What you have to look at is what jointly and severally means. Right. And jointly and severally is, and I think, again, it's consistent throughout the authorities. It's consistent. The Supreme Court, as discussed in our brief, has addressed joint and several liability, that it does not require joint action. It does not, joint tort feeders can act independently of one another. It's broader than the concept of secondary liability. And really where the district court went wrong here is the district court went wrong when she said that the infringement is the harm, sorry, excuse me, the harm is the infringement. That's such a critical issue here. The harm is not the infringement. The harm is the harm. The infringement is like a kick in the shin, and the harm is the bruise. And by, so the reason that's important is because joint and several liability looks at, it considers whether multiple defendants contributed to the same harm. It's not concerned about looking at individual acts of infringement and then analyzing. Well, that NMR says it is. NMR just, yes, in NMR he uses that exact language. Joint, you're jointly liable for when two or more infringers engage in the same act of infringement. NMR is, it's very important, I think, to understand something about NMR. NMR is not interpreting 504C1 and saying in a hypothetical form, this is how it works. NMR is a commentary on the law. And so he is trying to provide some context of the footnote that's in Columbia Pictures. But the NMR hypothetical you're talking about makes clear that it's assuming that individual liability is involved in between A, B, and C, the movie theaters. In the middle of that same hypothetical, there is actually a footnote that says, assuming that there is joint several liability, then it's a different scenario. And it actually cites the Louis Vuitton case, which is a Ninth Circuit case, which is very consistent with the interpretation that I'm setting forth. The Louis Vuitton case, for your reference, because I don't think it's actually in the brief, the Louis Vuitton case is 658F3D936. And so you'll see in there some references. But NMR, he recognizes, he's trying to state what the hypothetical is, but the next 20 pages are all about the district courts and the various decisions that have disagreed and rejected his hypothetical. He discusses all those cases. He doesn't reject those cases. He is simply providing a commentary on the law. He's not saying 504C1 should be interpreted like this. And there's nothing in NMR where he's discussing principles of joint and several liability. In fact, NMR does discuss, rather than those topics, he discusses that copyright law should not provide windfalls, it should not provide double recoveries, and so forth. All right. Thank you, counsel. Thank you. Good morning. May it please the Court, my name is Stephen Doniger. I'm counsel for the appellee, Desire LLC. My colleague and his clients want this panel to effectively nullify the jury's verdict of multiple awards and overturn the district court's allowance for the jury to make that determination. I was a bit surprised reading the reply brief that counsel stating, well, we didn't need to put forward a full record on summary judgment because we weren't seeking a finding that the summary judgment ruling was wrong. Counsel had moved on summary judgment for a single award. The Court rejects that, but then found on her own that seven awards would be appropriate, five based on the two parties that subbed out or settled out. Counsel, can you point to me where in the statute it says that there has to be complete joint and several liability, and if there's not complete joint and several liability, then there can be multiple awards. It talks about an award of statutory damages or for which any two or more infringers are liable. Where does it require complete joint and several liability to limit the award to one? Well, so your question, there's a preliminary point before I can answer your question, and that is it really goes back to Judge Sessions' question. The very first question in this case of whether joint and several liability applied to copyright is the same or different from joint and several liability applied in other cases, because ultimately there is this preliminary question of what does joint and several liability mean. And we had cited to some of the California cases, we cited to Gaxter v. Folley, which in there there's a whole analysis citing to a number of other cases as to when joint and several liability is appropriate. And my colleague is correct that joint and several liability can be appropriate in three circumstances, and really only three circumstances, where there's true joint action toward the same act, where there's vicarious or contributory liability, and under certain circumstances where there's separate independent acts. But if you look at those cases where separate independent acts can lead to joint and several liability, those are all in a context where the harm is indivisible. What I mean by that is you see that in cases involving, say, wrongful death, or cases involving asbestos cases, where once someone contracts asbestos, if you can't divide up which cause, you know all these causes can contribute, they're all going to be jointly and separately liable. It's indivisible. And, in fact, when you look at the Gaxter v. Folley case and you look at the cases that it relies on, it relies on Textron Financial v. National Union, which says, quote, where tortious acts by separate persons produce the same indivisible injury, each person is liable for the whole loss, even if they did not act in concert. So the only times that you're going to find joint and several liability among parties who are not true joint actors for the same harm is where this injury is indivisible. Where does it say that in the statute? The statute talks about or for which any two or more infringers are liable jointly and separately. I just don't see where your argument flows from what appears to me to be very plain wording in the statute. Because there are no instances of common law where two actors can be jointly and separately liable for acts and harms that are divisible. Counsel had indicated that, look, the act is the kick in the shin, the harm is the bruise. If one person kicks me in the shin and there's a bruise, and I walk down the street and someone else grabs me and breaks my arm, they don't both become jointly and separately liable for breaking my arm, even though they both violated, in separate acts, violated my bodily integrity. So in this case, if everybody had participated in one vast conspiracy with exactly the same distributions and the same harm, you would agree there could only be one award? So I'm not sure I fully understand your hypothetical. If all of the defendants had conspired to infringe your client's copyright in the exact way they did here, there could only be one award? No. The conspiracy is relevant to the willfulness of each party and may be relevant to a finding of contributory or vicarious infringement. In the Nimmer hypothetical, for example, you've got the distributor, the film distributor, distributing to multiple... Independent. Well, it's really the Columbia Pictures hypothetical. Which is basically the Columbia Pictures hypothetical. Right. That's his hypothetical. Right. And there's a contract and there's an agreement, but it's not actually true joint and several liability. It's not true joint action. The theater is the only one showing the film. It's the only one showing the film. You may have a distributor jointly and separately liable with them through contributory or vicarious because they're contractually obligated. They've got control over it. They still have possession or title to the film. But that's... As I mentioned, there's three instances where joint and several liability is appropriate. One is true joint action. Another... And this is... I mean, the case law is clear on this. The other is where you've got vicarious or contributory liability. And the third, which is only applied in cases of indivisible harm, is where it can be separate actors. But copyright infringement is clearly divisible. Well, where does the but-for analysis fall within your scenarios? That is, the downstream infringer can only violate the copyright infringement with but-for analysis connecting them to the upstream. Without that upstream infringement, they would not be able to infringe downstream. That's true. That's true. But I don't think that affects the analysis. Look, a copyright plaintiff has the option, assuming timely registration, of electing actual damages or statutory damages. Under an actual damage analysis, each defendant is liable separately for their own profits. The purpose of the statutory damage option is twofold. First, because it's Congress, people much smarter than me, have determined that it's very important to promote the useful arts and to do that to have copyright holders prosecute infringements, basically not allow infringements to go unprosecuted. But they limited the remedy. Yes. I mean, they said if you don't want to go for actual damages, you are limited to an award of statutory damages for all infringements involved in the action with respect to any one work, and it goes on. And your colleague on the other side is saying, well, it doesn't matter if there's complete joint and several liability, that Congress limited it to one award because you always have the right to go after your actual profits. Well, what Congress said is that the statutory damage, and we've cited the legislative history there, what Congress has said is that the purpose of statutory damages is to ensure there's an adequate deterrent, to punish and deter and ensure the parties are complying with copyright law. That purpose would be frustrated by my colleague's interpretation. So let me give you a different interpretation that I think you'll find perfectly consistent with the language and it makes a lot more sense. And that is that, so let's start with the language. An award of statutory damage, a plaintiff may seek a separate award of statutory damages for all infringements involved in the action for which one infringer is individually liable or for which two or more infringers are liable jointly and separately. So I submit that what that means is that you look at all the infringements in the action and then you can create these conceptual buckets. Here's a violation of the right to distribute. Here's a violation of the right to copy. Here's a violation of the right to create a derivative work. Those are all infringements that, let's say, these two defendants are jointly and separately liable for. Here's some additional infringements that these defendants are individually liable for. And once you've taken all the infringements and you've put them into these buckets based on whether they're the individual acts or joint and several liability or joint and several acts, then you've got buckets and each of those buckets reflects all infringements for which either a party is individually liable or two or more parties are jointly and separately liable. And the number of buckets that you have is the number of statutory damages that the plaintiff can seek. That is the only possible reading of this that doesn't end up in an absurd result and that actually says, look, you can't seek a double recovery for the same infringing acts. Clearly, you can't seek a double recovery for the same infringing acts. But different infringing acts, infringement is divisible. You can say where you stepped on the copyright holder's rights. It's like a trespass case. In a trespass case, the violation of the property owner's rights is the harm. Now, there might be a damage you put on that. It could be a nominal damage of a dollar or whatever it is, but the violation is the harm. So do you think that the district court got it right by awarding separate statutory amounts to Manna ABN in top fashion? Absolutely. The jury had to determine, based on each party's relative conduct, what is the appropriate amount that is going to punish and deter and compensate and make sure that there's no undue gain by each party. And that has to be fashioned on a party-by-party basis. But under your theory, you would not say that Manna and ABN were jointly and separately liable because Manna – Manna provided the copied material to ABN knowing that ABN would use that to manufacture, and ABN actually knew that the material was infringing. So you would not hold them jointly and separately liable – at least Manna jointly and separately liable for ABN's acts of copying because they both knew they were doing that act of making the garments. So as noted earlier, there's three ways that joint and separate liability can apply. And I think what you're pointing at is whether or not that would be vicarious or contributory liability. Right. So I'm just wondering if shouldn't the award – like, Manna should have an independent award against it for its willful infringement by copying. Correct. And distributing those copies. Creating the unauthorized derivative of work. So that one seems to me, under your theory, is appropriate. But the next one, shouldn't it be Manna and ABN are jointly and separately liable for then ABN's distribution? I mean, manufacture, which is another act of infringement. So the evidence of trial was that both ABN and Top Fashion, the other two appellants, had independently sampled – had sampled the design from Runway, knew that Runway had this design, and then went and purchased what they knew or reasonably should have known to be an unauthorized derivative work from Manna. And then they took that and sold it to their customers, actions that Manna had no direct involvement in, no financial control in. The hallmarks of actual joint and separate liability weren't there. So the question becomes, should there have been contributory or vicarious? But the liability is ultimately against Manna. So put differently, nowhere in the verdict form and nowhere in our argument did the plaintiff seek multiple statutory damage awards against Manna. It simply begs the question, as with actual damages, whether once we seek damages against each defendant, are they jointly and separately liable by virtue of contributory liability? So can I ask you a question from the 1,000-foot perspective? Yes. Just looking at the statute, there seems to be a real focus in upon limiting damages and also limiting causes of action for infringement by use of the word any. It seems to suggest that there should be a limited remedy in copyright situations. And, you know, we've been approached with this argument that if you accept your approach here, you're opening up the floodgates for massive recoveries. So, for instance, if Manna had downstream 140 or 200 or how many other theoretic infringers, even though they may be innocent because they're still liable for a $30,000 statutory damage, we are inviting plaintiff's counsel, but also the courts, to open up this area for statutory damages in large amounts to large numbers of people. And all of a sudden, these copyright cases that were worth $150,000, at least according to these other jurisdictions, are now worth millions. And is that what Congress intended by this particular statute? So I think there's a false premise that there's a real risk of there being some extraordinarily unreasonable verdicts out there or cases. This all falls under the Copyright Act of 1976, and in the 40-odd years, notably my colleagues have not pointed to a single grossly excessive verdict that resulted from this. The Copyright Act... Kennedy. Well, he probably wasn't born at the time it was passed, if you're talking 40 years. What I'm saying is that if this were a problem, it would have surfaced by now. Well, isn't one reason it hasn't surfaced is because so many courts disagree with your interpretation of the Act? No. That's not the reason why. The reason why is that there's a simple remedy that courts can avail themselves of if there is, in fact, ever an excessive verdict, and that is courts can always grant a remediator or a motion for new trial. And, in fact, I personally have seen that multiple times in copyright infringement cases. There's a case in New York where the district court judge said, look, if this ends up in some excessive verdict, you know, there will be a remediator. There's a case against H&M that went to trial last December that following a verdict of over $800,000, the court said if the court conditionally granted a new trial unless the plaintiff accepted a remediator of down to $200,000 and change, which the plaintiff accepted. In this case, in this very case, after findings against appellants of willful infringement on three claims, which is a strong factor favoring award of attorney's fees, the district court declined to grant attorney's fees, finding that the $480,000 jury verdict was enough to compensate the plaintiff. There are a lot of vehicles available that the courts can address any grossly excessive verdict. On the other hand, on the other hand, if this court puts into play an interpretation of 504C that says that even if you are a huge multinational corporation that should know better, you know, and there's multiple defendants in the case and you're limited to $150,000 per such that there's no real deterrent or punitive effect, if you have an inadequate verdict to affect the purpose of the Copyright Act of Compensation and Deterrence, there's nothing a court can do about it after that verdict. If you have a jury verdict that is excessive and unreasonable, there is a lot that the court can do about it after the verdict. So my colleagues are talking about all these cases that go contrary to the rationale that you put forth, but however, the two cases that are controlling from the Ninth Circuit, which are Freedman v. Live Nation and Columbia Pictures, are both consistent, both with the NIMR. So would we have to go sua sponte en banc to reach another result and overturn these cases? Probably not. I tend to agree with my, I mean, I'd love to say yes and make it more difficult, but I tend to agree with my colleague that the precise question of what constitutes joint and several liability in the context of copyright was not addressed in those cases. But, again, to start with that premise that there has to be joint and several liability and what does that mean, when you go back and you look at all the cases, joint and several liability only applies to separate and distinct acts that cause separate and distinct violations of a person's rights where the ultimate injury is indivisible, and that is simply not the case in the copyright context. And, therefore, in the copyright context, joint and several liability can only be a result. And this court should find not only that the court did not abuse its discretion in reaching the conclusion it reached, and it is an abuse of discretion standard, but should issue a ruling that in the context of copyright, because infringement is divisible, you can separate it into the separate violations and distinct encroachments on the copyright holder's rights, that joint and several liability can only be through joint action toward the same act or joint actions in concert toward the same infringement, infringing acts, or through contributory and vicarious liability. I appreciate your candor in response to Judge Wardlaw's question. Thank you, Your Honor. I do, too. So, implicitly, what this district court did was accept the jury verdict that Manna, ABN, and Top Fashion were all committed independent acts of infringement. Correct. And that's what you're saying is not an abuse of discretion. Correct. And I would go a bit further and say the court also found that the upstream would be vicariously or contributorily liable for the downstream based on that foreseeability issue. If the court agrees with that, then the matter should be remanded so that the ultimate judgment reflects that, because it does not as currently. How would that, I mean, what would the judgment look like if it reflected that? It would look like the proposed judgment that we submitted, which is that Manna is ultimately, by virtue of its contributory liability, liable for the judgment against it and the downstream. So each downstream is only liable for the judgment against them, and everyone upstream would be liable for the downstream as well. That's what Judge Gee's order initially was before trial, and then for whatever reason that didn't get incorporated into the final judgment. All right, thank you. I'll give you a couple minutes to respond. Tricky area. Just addressing really quickly the district court's analysis. The district court's analysis is a novel one that no court has ever engaged in, whether in the Ninth Circuit or any other district court. The idea that you have to separately analyze each infringing act and determine who's liable upstream or downstream, that has never been done. It was not suggested by Nimmer. It has not been supported by Columbia Pictures or Freedman. I will agree with my colleague, Mr. Doniger, that Columbia Pictures and Freedman do not need to be overturned in order to rule that. Can you address counsel's argument that this issue is to be judged under an abuse of discretion rather than a de novo standard? It should be reviewed on de novo. It's in our briefs. We've cited the law. I don't have the case law in my head at this moment, but we have cited that in our briefs. The statute itself uses the word may throughout. The district court may award statutory damages up to $150,000 in the case of a copyright infringer or willful infringer and may award up to a lesser amount for an innocent infringer. So the whole concept is couched in discretionary language. I think that the statute itself gives the copyright owners an election, and I think the statute is very clear that the district court has discretion within the statutory limits. It does not have discretion outside of providing upwards of $150,000 or scenarios in which one infringer is liable for $1,000 or $10,000, which are very real concerns here because copyright infringement often does result in many downstream infringers, and there's a lot of examples of that in our brief. This really is an end round around Congress. This is an attempt to get around the statutory limitations of Congress. All right. Thank you, counsel. Okay. Thank you, Your Honor. Desire versus Mana textiles will be submitted.
judges: Wardlaw, Sessions, Bennett